UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                               CRIMINAL MATTER NO. 3:15cr75-DPJ-FKB

JEFFREY C. RANDALL

ORDER

This tax-fraud matter comes before the Court on Defendant Jeffrey C. Randall's Motion for an Evidentiary Hearing [38]. Randall requests a hearing on whether the Internal Revenue Service ("IRS") committed spoliation and/or denied Randall due process by failing to obtain and/or preserve evidence. Having carefully considered the request, the Court finds that Randall's arguments are insufficient to warrant an evidentiary hearing.

I.  Background

Randall was indicted on September 1, 2015, for two counts of income-tax fraud under 26 U.S.C. § 7206(1) and one count of conspiring to defraud the United States under 18 U.S.C. § 371. Indictment [1] ¶¶ 6(F), 7, 8. The indictment arose out of Randall's position as President and sole shareholder of Gulf States Royalty, Ltd. ("Gulf States"). Id. ¶ 1. Randall allegedly filed false income-tax returns for Gulf States for the 2008 and 2009 tax years with the assistance of an unindicted co-conspirator, tax preparer Lynn Allen Floyd. Id. ¶¶ 2–8.

The IRS began investigating Randall and Gulf States as early as April 2011 and opened a criminal investigation in April 2012. Def.'s Mot. [34] ¶ 2; Def.'s Reply [46] ¶ 14. On May 6, 2013, the IRS issued a summons to Floyd to "give testimony and produce documents" related to Gulf States's 2008 and 2009 returns. Def.'s Mot. [34] ¶ 3. That summons allegedly requested,

- All records used in or resulting from the preparation of federal and state income tax returns consisting of but not limited to **work-papers**, notes, papers,

>   **memoranda and correspondence used or prepared by** [the preparer] **r**elative to the preparation of the [2008 and 2009] returns.
>
> - and **all correspondence with** [Randall] . . . .

*Id.* (alteration in original).  Assumedly based on this IRS summons and the resulting indictment, Randall filed two discovery motions seeking a variety of return-related items, including the original 2008 return itself and Floyd's work computer.  *See* Def.'s Mot. [20]; Def.'s Mot. [25].  The first motion was denied, and the second was settled.  *See* Order [24] Oct. 29, 2015; Minute Entry Apr. 1, 2016.

On April 18, 2016, Randall moved to dismiss the indictment, or in the alternative, exclude testimony by IRS agents and Floyd [34].  He originally premised these requests on a spoliation argument, contending that the IRS failed to obtain and/or preserve the return-related evidence requested in its summons, primarily Floyd's computer.  But Randall was not yet ready to support his motion with evidence or legal authority, so he asked the Court to order the Government to respond to various interrogatories before requiring his supporting memorandum.

The Government opposed the discovery request, maintaining that "[i]t has provided all discoverable materials in its possession obtained in the investigation."  Gov't's Resp. [37] at 1.  And it further explained that "it is the understanding of the government that the tax preparer experienced a computer crash prior to August 2013, and thus, was unable to provide the contents of th[e] computer" to comply with the summons.  *Id.* at 2.  Randall replied [38], making a new request for an evidentiary hearing to explore his motion.

The Court's first order on these issues denied Randall's requested interrogatories, but because the Government had no opportunity to respond to the request for an evidentiary hearing, the Court directed the parties to brief that issue.  Order [42] Sept. 28, 2016.  The Government complied [43], arguing not only that it has provided all discoverable documents, including the

2008 return, but also that "request[ing] an evidentiary hearing solely to discover . . . information" is improper.  Gov't's Resp. [43] at 2–3.

Randall again replied [46] and again changed course.  This time, he asserted that the IRS's failure to obtain and/or preserve relevant evidence constitutes a due-process violation.  Def.'s Reply [46] ¶ 2.  And he made two additional discovery requests in advance of an evidentiary hearing.  First, Randall asked that "the Court . . . order that the IRS either provide all documentation described in [the interrogatories of Document 34-1] or advise that such is non-existent."  *Id.* ¶ 3.  Second, Randall prayed that "the Court order IRS to provide the complete compendium of its special rules and regulations regarding . . . investigation of allegations of misconduct by enrolled preparers."  *Id.*  Though the Government has again been denied an opportunity to respond, the Court, being fully advised in the premises, is prepared to rule.

II.     Standard

This Court generally decides motions in criminal cases without an evidentiary hearing.  L.U. Crim. R. 47(F)(1).  But it may order an evidentiary hearing "upon written request of counsel in an easily discernible manner on the face of the motion or responsive pleading regarding the *need* for a hearing or oral argument."  *Id.* (emphasis added).

Here, Randall argues in his final reply that his motion to dismiss should be analyzed as a motion to suppress.  Def.'s Reply [46] ¶¶ 5–6.  Even assuming this new description is accurate, which is not apparent, the Fifth Circuit has stated in the suppression context that

> "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."  *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir. 1983).  The court must determine whether the allegations set forth in the defendant's motion, including any accompanying affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented."  *Id.* (internal quotation marks and citations omitted).

*United States v. Rogers*, 481 F. App'x 157, 158–59 (5th Cir. 2012); *see also Harrelson*, 705 F.2d at 737 (holding that "[g]eneral or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice" to order an evidentiary hearing) (footnote omitted)).

The Fifth Circuit has applied similar tests in other criminal contexts. *See, e.g.*, *United States v. Smith,* 354 F.3d 390, 394 (5th Cir. 2003) (holding with respect to jury issue that "[t]he court is not required to conduct an investigation into claims . . . that are merely speculative"). "Moreover, if the true reason for the hearing is to conduct discovery, the Court can deny the request." *United States v. Prejean*, 429 F. Supp. 2d 782, 802–03 (E.D. La. 2006) (citing *Harrelson,* 705 F.2d at 738).

III.    Analysis

The question presented is whether to allow an evidentiary hearing, not whether Randall has established spoliation. That issue will be decided after the parties have fully briefed Randall's Motion to Dismiss, and it may likewise be pursued at trial. But to understand the evidentiary-hearing issue, a brief review of spoliation is in order.

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones,* 804 F.3d 707, 713 (5th Cir. 2015).[1] And the failure to preserve such evidence is termed "spoliation." Spoliation, Black's Law Dictionary (10th ed. 2014) (defining spoliation as "the intentional destruction, mutilation, alteration, or concealment of evidence"). "As

---

[1] The Court assumes without deciding that a spoliation claim may be premised on the actions of the IRS, even though it is not a party. *See Stocker v. United States*, 705 F.3d 225, 235 (6th Cir. 2013) (analyzing spoliation sanctions arising from the IRS's failure to retain a tax return envelope); *see also* 139 Am. Jur. Proof of Facts 3d *Proof of Destruction of Evidentiary Documents* § 141 (2016) ("When such documents . . . are lost or destroyed by law enforcement *or other government personnel*, sanctions can be imposed in favor of the defendant." (emphasis added)). The parties have not addressed this issue.

4

indicated by the definition's inclusion of the word intentional, a finding of spoliation requires evidence of bad faith." *United States v. Prater*, No. 5:10-CR-14-DCB-FKB, 2011 WL 824475, at *2 (S.D. Miss. Mar. 2, 2011) (citing *United States v. Livingston*, 243 F. App'x 37 (5th Cir. 2007) and *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)).

Here, Randall seeks sanctions against the Government for alleged spoliation of evidence related to Gulf States's returns and seeks an evidentiary hearing to develop this theory before he is forced to file a memorandum supporting it. But according to the Government, Randall is not entitled to an evidentiary hearing because he "has not effectively alleged a factual dispute" and fails to show (1) relevant, unproduced evidence exists, (2) any unproduced items were exculpatory, and (3) bad faith on behalf of the IRS. Gov't's Resp. [43] at 3–4.

The more Randall argues his case, the more he proves the Government's point. His primary concern is that the Government never allowed him access to Floyd's work computer, something he believes the IRS should have secured. But according to the Government, the computer crashed before Floyd could produce it. Gov't's Resp. [37] at 2. Randall offers no evidence to the contrary, which becomes even more clear in his final reply. According to him, a "real possibility" exists that Floyd and/or the IRS either "a) Deliberately destroyed the electronically stored information. . .; *or* b) The IRS agents failed to follow their own regulations in acquiring, maintaining, and preserving the evidence; *or* c) The evidence was never there." Def.'s Reply [46] at 4 (emphasis added). In other words, Randall thinks the IRS should have obtained certain records, but he is not sure whether it did, whether the IRS intentionally destroyed those records, or whether they ever even existed. *Id.*

Randall's various theories are standard fare at criminal trials. If, as he often suggests, the IRS conducted an insufficient investigation and failed to obtain all relevant documents, then the

jury can certainly consider that evidence. Randall may also examine Floyd and the IRS agents about the alleged computer crash, what was produced to the IRS, and how the IRS handled the evidence and its disclosure responsibilities. But speculation and conjecture is not a valid basis for allowing an under-oath fishing expedition of the Government's key witnesses. Randall will receive all discovery he is due under Rule 16—no more, no less.[2]

Finally, Randall makes new arguments and requests in his second and final reply. More specifically, he now asserts due-process and seeks the following discovery in advance of an evidentiary hearing: (1) production of "all documentation described in [the interrogatories of Document 34-1] or advise that such is non-existent" and (2) production of the "complete compendium of [the IRS's] special rules and regulations regarding . . . investigation of allegations of misconduct by enrolled preparers." Def.'s Reply [46] ¶¶ 2−3.

These new issues do not alter the result. First, the due-process basis for an evidentiary hearing fails because it too is based on speculation. Second, the new discovery requests fail first because they appeared in a rebuttal memorandum rather than a motion. *See* L.U. Crim. R. 47(A) (stating that any communications seeking relief from court "shall be presented by a motion"). As a result, the Government has again been denied a chance to respond, but the Court will not again allow additional briefing. Regardless, Randall's support for this discovery is seemingly rooted in

---

[2] Along these lines, the Court notes that the Government generally speaks in terms of producing documents in "the Government's" possession, without specifically stating whether that includes the IRS. But the Court assumes this general description includes evidence the IRS possesses, not just those records the United States Attorney's Office has obtained. *See United States v. Scruggs*, 583 F.2d 238, 242 (5th Cir. 1978) ("Nor is the government excused from its [Rule 16] obligation by the fact that the documents were in the possession of the FBI prior to trial."); *United States v. James*, 495 F.2d 434, 436 (5th Cir. 1974) ("[Rule 16's] salutary function cannot be aborted by allowing a United States Attorney to avoid discovery by pleading ignorance of discoverable material which is in the possession of another governmental agency; especially is this true when both are supposedly working together to apprehend and convict."). The Court will explore this issue further during the pretrial conference.

the assumption that the Court would grant his prayer for an evidentiary hearing.  But the Court denies that request and otherwise finds no support for ordering the discovery Randall imperfectly seeks in his second reply.  Accordingly, Randall's requests for "production prior to whatever date the Court schedules for the evidentiary hearing" are denied.  Def.'s Reply [46] ¶ 3.  As footnoted however, the Court will explore the status of discovery during the pretrial conference to ensure that Randall has received all he is due.

IV. Conclusion

The Court has considered all arguments raised.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Randall's Motion for an Evidentiary Hearing [38] and his related requests for production are denied.

The Court does not foreclose Randall's spoliation theory, which will be ruled on after the pending motion to dismiss is fully briefed by the parties.  It is, therefore, ordered that Randall file his Memorandum of Authorities in support of his Motion to Dismiss [34] within eleven (11) days of this Order.  Any response or reply may then be filed in accordance with the Federal Rules of Criminal Procedure and Local Rules.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2016.

                                                      s/ *Daniel P. Jordan III*
                                                      UNITED STATES DISTRICT JUDGE